**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **TROJAN EV, LLC,** *et al.*[1] | § | **Case No. 24-31910** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

---

## SECOND AMENDED JOINT PLAN OF REORGANIZATION OF TROJAN EV, LLC AND GOLF CARTS OF CYPRESS, LLC

---

Jason P. Kathman
State Bar No. 24070036
Megan F. Clontz
State Bar No. 24069703
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: jkathman@spencerfane.com
Email: mclontz@spencerfane.com

**COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION**

**DATED: September 20, 2024**

---

[1] The debtors and debtors-in-possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Trojan EV, LLC (4201), Case No. 24-31910; and Golf Carts of Cypress, LLC (6366), Case No. 24-31911. The Debtors' mailing address is P.O. Box 19370, Houston, TX 77224.

## TABLE OF CONTENTS

I.      SUMMARY OF THE PLAN ......................................................................................1

    1.1      Overview of the Plan ...............................................................................1

    1.2      Payments to Creditors .............................................................................1

II.     DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME .......................................................................................................................1

    2.1      Scope of Definitions ................................................................................1

    2.2      Definitions................................................................................................1

    2.3      Rules of Interpretation. ...........................................................................9

    2.4      Computation of Time. ............................................................................10

    2.5      Exhibits. .................................................................................................10

    2.6      Approved Disclosure Statement. ...........................................................10

III.    DESIGNATION OF CLASSES OF CLAIMS ..................................................10

    3.1      Designation of Classes of Claims. ........................................................10

    3.2      Unclassified Claims ...............................................................................10

    3.3      Classified Claims and Interests of Trojan EV........................................10

    3.4      Classified Claims and Interests of GCC ................................................11

IV.     PAYMENT OF ADMINISTRATIVE CLAIMS AND EXPENSES AND CERTAIN PRIORITY CLAIMS..................................................................................11

    4.1      Administrative Claims and Deadline. ....................................................11

    4.2      Professional Claims and Deadlines........................................................11

    4.3      Treatment of Administrative Claims and Professional Claims...............11

    4.4      Priority Tax Claims................................................................................12

    4.5      Payment of Statutory Fees ....................................................................12

V.      TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS ...............12

    5.1      Class A1: Secured Claims of Stellar Bank Against Trojan EV .............12

    5.2      Class A2: General Unsecured Claims of Trojan Battery Against Trojan EV........12

    5.3      Class A3: General Unsecured Claims Against Trojan EV .....................12

    5.4      Class A4: Insider Claims Against Trojan EV ........................................12

    5.5      Class A5: Equity Interest in Trojan EV .................................................12

    5.6      Class B1: Secured Claims of Stellar Bank Against GCC ......................13

i

5.7 Class B2: Secured Claims of Ally Bank Against GCC ..............................................13

5.8 Class B3: Secured *Ad Valorem* Tax Claims against GCC....................................13

5.9 Class B4: General Unsecured Claims Against GCC ..............................................13

5.10 Class B5: Insider Claims Against GCC .................................................................13

5.11 Class B6: Equity Interests .......................................................................................13

**VI. MEANS OF IMPLEMENTING THE PLAN.....................................................14**

6.1 Sale of Trojan EV Inventory...................................................................................14

6.2 Sale of New Equity Interests in Reorganized GCC ...............................................14

6.3 Provisions Related to Trojan Battery .....................................................................14

6.4 Trojan GUC Trust ..................................................................................................14

6.5 Post-Effective Date Management ...........................................................................15

6.6 Authority .................................................................................................................15

6.7 Section 1145 Exemption .........................................................................................15

6.8 Conditions to Effective Date ..................................................................................16

6.9 Waiver of Conditions Precedent ............................................................................16

6.10 Retention of Causes of Action ...............................................................................16

**VII. PROVISIONS FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ......................................................................................18**

7.1 Executory Contracts to be Assumed ......................................................................18

7.2 General Rejection of Executory Contracts. ...........................................................18

7.3 Claims for Damages................................................................................................18

**VIII. RESOLUTION OF UNDETERMINED CLAIMS .........................................18**

8.1 Standing ..................................................................................................................18

8.2 Effect of Bar Date. .................................................................................................18

8.3 Amendments to Claims; Claims Filed After the Effective Date............................18

8.4 Objection Deadline. ................................................................................................19

8.5 Creditor Response to Objection. ............................................................................19

8.6 No Payment Pending Allowance ............................................................................19

8.7 Allowance of Claims...............................................................................................19

8.8 Estimation of Claims...............................................................................................19

**IX. DISTRIBUTION PROCEDURES ..................................................................20**

9.1    Distributions.............................................................................................20

9.2    Record Date for Claims. ...........................................................................20

9.3    Form of Distributions...............................................................................20

9.4    Conditions to Distributions; Warrant of Entitlement................................20

9.5    Withholding Taxes.....................................................................................20

9.6    Setoffs. ......................................................................................................20

9.7    Rounding ...................................................................................................21

9.8    *De Minimis* Distributions. ........................................................................21

9.9    Undeliverable and Unclaimed Distributions.............................................21

9.10   Disputed Distributions ..............................................................................21

X.     EFFECTS OF CONFIRMATION OF PLAN, INJUNCTION AND EXCULPATION ...............................................................................................22

10.1   Notice of the Effective Date. .....................................................................22

10.2   Binding Effect of Plan. ..............................................................................22

10.3   Discharge of Claims..................................................................................22

10.4   Discharge of GCC .....................................................................................23

10.5   Injunction Against Interference with Plan. ...............................................23

10.6   Exculpation. ..............................................................................................23

10.7   Post-Effective Date Retention of Professionals ........................................23

XI.    MODIFICATIONS OF THE PLAN ........................................................23

11.1   Amendments Prior to Confirmation Date. ................................................23

11.2   Amendments After Confirmation Date......................................................23

11.3   Effect on Claims. ......................................................................................23

XII.   RETENTION OF JURISDICTION .........................................................23

12.1   Purposes. ..................................................................................................23

12.2   Exclusive Jurisdiction...............................................................................25

12.3   Abstention. ................................................................................................25

12.4   Rights of Reorganized Debtors .................................................................25

XIII.  GENERAL PROVISIONS ........................................................................25

13.1   Certain Rights Unaffected.........................................................................25

13.2   Incorporation of Bankruptcy Rule 9019 ...................................................25

13.3     Incorporation of Valuation Motion .......................................................................25

13.4     Automatic Stay..........................................................................................................26

13.5     Reservation of Rights...............................................................................................26

13.6     Rights Under 1129(b). ..............................................................................................26

13.7     Headings. ...................................................................................................................26

13.8     Severability. ..............................................................................................................26

13.9     Governing Law. .........................................................................................................26

13.10    Successors and Assigns............................................................................................26

13.11    Insurance. ...................................................................................................................26

## JOINT PLAN OF REORGANIZATION
## DATED AUGUST 23, 2024

Trojan EV, LLC and Golf Carts of Cypress, LLC propose the following joint chapter 11 plan of reorganization for each of the Debtors pursuant to section 1121(a) of the Bankruptcy Code. Capitalized terms used herein shall have the meanings set forth in Section 2.2.

## ARTICLE I.
## SUMMARY OF THE PLAN

1.1 <u>Overview of the Plan</u>. The Plan provides for the resolution and treatment of outstanding Claims and Equity Interests.

1.2 <u>Payments to Creditors</u>. The Plan provides for Creditors to be paid as provided in Article V herein. All Creditors of the Debtors will be paid as provided herein in accordance with the priority scheme established by the Bankruptcy Code. **PLEASE CONSULT ARTICLE V FOR SEPARATE INFORMATION REGARDING THE SPECIFIC TREATMENT OF YOUR CLAIM. ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.**

## ARTICLE II.
## DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME

2.1 <u>Scope of Definitions</u>. As used in this Plan and the Disclosure Statement, the following terms shall have their respective meanings as set forth below and, unless the context otherwise requires, shall be equally applicable to the singular and plural forms of the terms defined. Unless otherwise defined herein, the terms used in this Plan shall have the same meaning ascribed thereto in the Bankruptcy Code and the Bankruptcy Rules.

2.2 <u>Definitions</u>.

2.2.1 <u>1933 Act</u>: The Securities Act of 1933, as amended, and the rules and regulations promulgated thereunder.

2.2.2 <u>Administrative Claim</u>: Any Claim for payment of any cost or expense of administration of the Bankruptcy Case entitled to priority in accordance with Sections 503(b) and/or 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the Debtors' Estates and operating their businesses on and after the Petition Date to and including the Effective Date, and all allowances of compensation and reimbursement of expenses approved by the Bankruptcy Court in accordance with the Bankruptcy Code and any fees or charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code.

2.2.3    <u>Administrative Claim Bar Date</u>:  The date that is thirty (30) days after the Effective Date, unless not a Business Day, in which case it will be the first Business Day thereafter.

2.2.4    <u>Allowed</u>:  When used with respect to a Claim or Equity Interest, means the Claim or Equity Interest (as applicable) (a) to the extent that it is listed in the Schedules in a liquidated, non-contingent, and undisputed amount, but only if no proof of Claim or proof of Equity Interest is Filed with the Bankruptcy Court to evidence such Claim or Equity Interest on or before the Bar Date; (b) any Equity Interest registered in a Debtor's books and records as of the Petition Date; (c) as evidenced by a proof of Claim or proof of Equity Interest Filed on or before the Bar Date, but only to the extent asserted in a liquidated amount, and only if no objection to the allowance of the Claim or Equity Interest or no motion to expunge the proof of Claim or Equity Interest is Filed on or before the Claims Objection Deadline; or (d) to the extent allowed by a Final Order.

2.2.5    <u>Amended Organizational Documents</u>. Means the forms of certificate of formation, certification of incorporation, partnership agreement, limited liability company agreement, and other forms of organization documents and bylaws for the Reorganized Debtors consistent with section 1123(a)(6) of the Bankruptcy Code, if applicable.

2.2.6    <u>Asset</u>:  All right, title, and interest in and to any and all property of every kind or nature, whether tangible or intangible, owned by a Debtor or its Estate as of the Effective Date, including, but not limited to, Causes of Action.

2.2.7    <u>Avoidance Action</u>:  Any and all rights, claims or actions which the a Debtor may assert on behalf of the Estate under Chapter 5 of the Bankruptcy Code, including actions under one or more provisions of Sections 542, 544, 545, 546, 547, 548, 549, 550, 551 and/or 553 of the Bankruptcy Code, and any preference or fraudulent transfer action under any applicable state law, except to the extent that any such rights, claims, or actions are expressly released or waived in this Plan.

2.2.8    <u>Ballot</u>:  The form of the ballot for voting to accept or to reject the Plan, which accompanies the Plan and the Disclosure Statement delivered to holders of Claims in Impaired Classes.

2.2.9    <u>Bankruptcy Cases</u>:  The jointly administered cases under chapter 11 of the Bankruptcy Code styled *In re Trojan EV, LLC, et. al*, Case No. 24-31910 before the United States Bankruptcy Court for the Southern District of Texas.

2.2.10   <u>Bankruptcy Code</u>:  The Bankruptcy Reform Act of 1978 as amended, and as applicable to this Chapter 11 case, § 101 *et seq.* Title 11, United States Code.

2.2.11   <u>Bankruptcy Court</u>:  The United States Bankruptcy Court for the Southern District of Texas.

2.2.12   <u>Bankruptcy Rules</u>: The Federal Rules of Bankruptcy Procedure, as amended and prescribed under section 2075, Title 28, United States Code, as applicable to the Bankruptcy Cases, together with the Local Rules of the Bankruptcy Court.

2.2.13   <u>Bar Date</u>:  The Bar Date is the last date on which proofs of Claim or proofs of Equity Interest may be timely Filed against the Debtors, which date is specified in the Bar Date Notice.

2.2.14   <u>Bar Date Notice</u>: Means the Notice of Chapter 11 Bankruptcy Case [Dkt. No. 27] filed by the Bankruptcy Court establishing and setting the last date on which proofs of Claims or proofs of Equity Interests may be filed in the Bankruptcy Cases.

2.2.15   <u>Business Day</u>:  Any day other than a Saturday, Sunday, or "legal holiday" as defined in Bankruptcy Rule 9006(a).

2.2.16   <u>Cash</u>:  Cash, cash equivalents and other readily marketable securities or instruments, including, without limitation, direct obligations of the United States of America, certificates of deposits issued by banks and commercial paper of any entity, including interest earned or accrued thereon, but specifically excluding any Collateral consisting of funds in deposit or escrow accounts securing a Secured Claim.

2.2.17   <u>Causes of Action</u>:  Any Avoidance Action, claim, cause of action of any kind, suit, controversy, right to payment, whether legal or equitable, known or unknown, liquidated or unliquidated, fixed or contingent, of the Debtor, whether listed in each Debtor's Schedules (as amended, supplemented and/or modified from time to time), the Disclosure Statement, the Plan, the Confirmation Order, any pleading in the Bankruptcy Case, or any other disclosure, statement, correspondence or communication providing informal notice of such Cause of Action.

2.2.18   <u>Claim</u>:  Any right against any of the Debtors to (a) payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (b) an equitable remedy for a breach of performance if the breach would give rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**SECOND AMENDED JOINT PLAN OF REORGANIZATION – PAGE 3**

2.2.19   <u>Claims Objection Deadline</u>:  The date by which parties authorized by the Plan may file objections to Claims, which date shall be ninety (90) days after the Effective Date, unless extended by the Bankruptcy Court. The objection deadline with respect to Administrative Claims is specified separately in the Plan.

2.2.20   <u>Claims Register</u>:  The register of proofs of Claim filed in the Bankruptcy Case, maintained by the Clerk of the United States Bankruptcy Court for the Southern District of Texas.

2.2.21   <u>Class</u>:  One of the categories of Claims established under Article III of this Plan.

2.2.22   <u>Collateral</u>:  An Asset subject to a valid, enforceable, and non-avoidable Lien securing the payment or performance of a Claim.

2.2.23   <u>Confirmation</u>:  Confirmation means the entry of an Order of the Bankruptcy Court confirming this Plan.

2.2.24   <u>Confirmation Date</u>:  The date of entry of the Confirmation Order by the Bankruptcy Court.

2.2.25   <u>Confirmation Hearing</u>:  The hearing(s) before the Bankruptcy Court pursuant to Section 1128 of the Bankruptcy Code to consider confirmation of the Plan, as such hearing(s) may be continued, reschedules, or delayed.

2.2.26   <u>Confirmation Order</u>:  Order of the Bankruptcy Court confirming the Plan and approving the transactions contemplated herein.

2.2.27   <u>Contingent Claim</u>:  Any Claim listed in the Schedules or in a Proof of Claim as "contingent."

2.2.28   <u>Creditor</u>:  Any Person that is the holder of a Claim that arose on or before the Petition Date, or a Claim of any kind specified in Sections 502(g), 502(h), or 502(i) of the Bankruptcy Code.

2.2.29   <u>Debtors</u>:  Trojan EV, LLC and Golf Carts of Cypress, LLC

2.2.30   <u>Disallowed</u>:  When used with respect to a Claim or Equity Interest, any portion thereof, that: (a) has been disallowed by either a Final Order or pursuant to a settlement; (b) has been withdrawn by the holder of the Claim or Equity Interest; (c)(i) is set forth in the Schedules at zero or as contingent, disputed, or unliquidated and (ii) as to which the Bar Date has been established but no proof of Claim or proof of Equity Interest has been Filed or deemed timely Filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely Filed under applicable law; or (d) has not

been scheduled in the Schedules and as to which no proof of Claim or proof of Equity Interest has been timely Filed or deemed timely Filed with the Bankruptcy Court pursuant to the Bankruptcy Code, a Final Order, or the Plan.

2.2.31   Disclosure Statement:  The Disclosure Statement Filed and served with respect to this Plan, as approved by the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code.

2.2.32   Disputed:  The portion (including, when appropriate, the whole) of a Claim or Equity Interest that is not an Allowed Claim or Allowed Equity Interest as to which:  (a) a proof of Claim or proof of Equity Interest has been Filed, or deemed Filed under applicable law or Order of the Bankruptcy Court; (b) an objection has been or may be timely Filed; and (c) such objection has not been (i) withdrawn, (ii) overruled or denied in whole or in part pursuant to a Final Order, or (iii) granted in whole or part pursuant to a Final Order.  Before the time that an objection has been or may be Filed, a Claim or Equity Interest shall be considered a Disputed Claim or Equity Interest (a) if the amount or classification of the Claim or Equity Interest specified in the proof of Claim or proof of Equity Interest exceeds the amount or classification of any corresponding Claim or Equity Interest is listed by a Debtor in its Schedules, to the extent of such excess; (b) in its entirety, if any corresponding Claim or Equity Interest is listed by a Debtor in its Schedules as disputed, contingent, or unliquidated; or (c) in its entirety, if no corresponding Claim or Equity Interest has been listed by a Debtor in its Schedules.

2.2.33   Distribution:  The distribution of Cash to an Allowed Claim.

2.2.34   Effective Date:  The first Business Day on which all of the conditions precedent to the Effective Date specified in Section 6.10 of the Plan shall have been satisfied or waived; *provided, however,* that if such conditions precedent have been so satisfied or waived, but a stay, injunction or similar prohibition of the Confirmation Order is in effect, then the Effective Date shall be the first Business Day after such stay, injunction or similar prohibition is no longer in effect as long as the conditions precedent continue to be satisfied or waived.

2.2.35   Equity Interests:  An existing membership, stock, partnership, and/or equity interest in any of the Debtors including, without limitation, all issued, unissued, authorized or outstanding shares of stock or other equity interests (including common and preferred) of the Debtors, together with any warrants, options, other derivative securities, or contractual rights to purchase or acquire any such membership or equity interests at any time and all rights arising with respect thereto.

2.2.36   <u>Estate or Estates</u>:  Individually or collectively, the estate or estates of the Debtors created pursuant to section 541 of the Bankruptcy Code.

2.2.37   <u>EV Titan</u>: EV Titan, LLC

2.2.38   <u>Face Amount</u>: Means (a) when used in reference to a Disputed or Disallowed Claim, the full stated amount claimed by the holder of such Claim in any proof of Claim timely Filed or otherwise deemed timely Filed by a Final Order or other applicable bankruptcy law, and (b) when used in reference to an Allowed Claim, the Allowed Amount of such Claim.

2.2.39   <u>Fee Application</u>:  An application of a Professional under Sections 328, 330, 331 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in the Bankruptcy Case.

2.2.40   <u>File, Filed, or Filing</u>:  Means file, filed or filing with the clerk of the Bankruptcy Court, or it authorized designee in the Bankruptcy Case.

2.2.41   <u>Final Order</u>:  Any order or a judgment which has not been reversed, stayed, modified or amended and as to which (i) the time to appeal or seek review, reargument or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending or (ii) its appeal, review, reargument, rehearing or certiorari has been denied and a time to seek a further appeal, review, reargument, rehearing or certiorari has expired as a result of which such order shall have become final and nonappealable in accordance with applicable law.

2.2.42   <u>GCC</u>: Golf Carts of Cypress, LLC

2.2.43   <u>GCC Purchase Price</u>. The GCC Purchase Price shall be $25,000.00.

2.2.44   <u>General Unsecured Claims</u>: Any Claim as of the Petition Date that are neither secured by collateral nor entitled to priority under the Bankruptcy Code or any Final Order of the Bankruptcy Court.

2.2.45   <u>Gross Equity Sale Proceeds</u>. Means the gross Cash proceeds from the sale of the Reorganized GCC Equity Interests, which amount shall be equal to the GCC Purchase Price.

2.2.46   <u>Governmental Authority</u>:  Any transnational, domestic, or foreign federal, state, or local governmental unit, authority, department, court, agency or official, including any political subdivision thereof, or any tribal authority.

2.2.47   <u>Impaired</u>:  Has the same meaning as set forth in Section 1124 of the Bankruptcy Code.

2.2.48    <u>Insider</u>:  Has the same meaning as set forth in Section 101(31) of the Bankruptcy Code.

2.2.49    <u>IP Litigation</u>: *Trojan Battery Company, LLC v. Trojan EV, LLC, et. al*, Civil Action No. 4:21-cv-3075 pending in the United States District Court for the Southern District of Texas.

2.2.50    <u>Lien</u>:  With respect to any property or Asset, any mortgage, lien, interest pledge, charge, security interest, encumbrance, mechanics' lien, materialmen's lien, statutory lien or right, and other consensual or non-consensual lien, whenever granted and including, without limitation, those charges or interest in property within the meaning of "lien" under Section 101(37) of the Bankruptcy Code.

2.2.51    <u>Net Equity Sale Proceeds</u>:  Means the Gross Equity Sale Proceeds minus any professional fees, costs or expenses associated with the sale of the Reorganized GCC Equity Interests.

2.2.52    <u>Order</u>:  Any order or judgment of the Bankruptcy Court as entered on the docket for the Bankruptcy Case.

2.2.53    <u>Payment</u>:  Means the payment of Cash to the holders of Allowed Claims pursuant to this Plan.

2.2.54    <u>Person</u>:  Any individual, entity, or Governmental Authority of any nature whatsoever, specifically including any individual, firm, company, corporation, partnership, trust, joint venture, association, joint stock company, limited liability company, estate, unincorporated organization, or any other entity.

2.2.55    <u>Petition Date</u>:  Means April 29, 2024.

2.2.56    <u>Plan</u>:  This Joint Plan of Reorganization, either in its present form or as it may be altered, amended, modified, or supplemented from time to time.

2.2.57    <u>Plan Documents</u>:  All documents, forms, lists and agreements contemplated under this Plan to effectuate the terms and conditions hereof.

2.2.58    <u>Plan Proponent</u>:  The Debtors.

2.2.59    <u>Plan Supplement</u>:  The compilation of Plan Documents and any other documents, forms, exhibits, lists and schedules as specified in this Plan and the Disclosure Statement which will be Filed with the Bankruptcy Court no later than three (3) days prior to the commencement of the Confirmation Hearing, as such documents may be altered, restated, modified, or supplemented from time to time.

2.2.60    <u>Priority Non-Tax Claim</u>:  Any Claim entitled to a priority under, *inter alia*, Section 507(a) of the Bankruptcy Code other than a Priority Tax Claim.

2.2.61    <u>Priority Tax Claim</u>:  Any Claim of a Governmental Authority that is entitled to priority in payment under Sections 502(i) and 507(a)(8) of the Bankruptcy Code.

2.2.62    <u>Pro Rata</u>:  The proportion that the amount of an Allowed Claim in a particular Class bears to the aggregate Face Amount of all Allowed Claims in such Class.

2.2.63    <u>Professional</u>:  Any Person employed in the Bankruptcy Case pursuant to Sections 326, 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code.

2.2.64    <u>Professional Claim</u>:  Any Claim that is Filed by a Professional pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code.

2.2.65    <u>Professional Claim Bar Date</u>:  The date that is one hundred twenty (120) days after the Effective Date.

2.2.66    <u>Proof of Claim</u>:      Means a written statement setting forth a Creditor's Claim, conforming substantially to the appropriate official form and Filed in the Bankruptcy Case.

2.2.67    <u>Reorganized Debtors</u>.  Means collectively Reorganized GCC and Reorganized Trojan EV.

2.2.68    <u>Reorganized GCC Equity Interests</u>.  Means 100% of the membership interests in Reorganized GCC, to be sold under the Plan.

2.2.69    <u>Reorganized GCC</u>:  Means Golf Carts of Cypress, LLC, as reorganized on the Effective Date in accordance with the Plan.

2.2.70    <u>Reorganized Trojan EV</u>:  Means Trojan EV, LLC, as reorganized on the Effective Date in accordance with the Plan.

2.2.71    <u>Schedules</u>:  The Schedules of Assets and Liabilities and the Statements of Financial Affairs Filed by or on behalf of each Debtor in the Bankruptcy Case pursuant to Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as they have been or may hereafter be amended, modified, or supplemented.

2.2.72    <u>Secured Claim</u>:  Any Claim to the extent (a) secured by a Lien on Collateral which is not void or avoidable under applicable state and federal law, including the Bankruptcy Code or (b) subject to set off under Sections 553 of the Bankruptcy Code, in each case to the extent of the

value of the Secured Creditor's interest in a Debtor's interests in the property or the amount of the set off, as applicable.

2.2.73   Secured Creditor:  Any Creditor that is the holder of a Secured Claim.

2.2.74   Stellar Bank Loan:  Stellar Bank Loan means that certain Business Loan Agreement dated November 8, 2023 by and between Stellar Bank and the Debtors pursuant to which the Debtors borrowed $1,000,000.

2.2.75   Trojan Battery: Trojan Battery Company, LLC

2.2.76   Trojan EV: Trojan EV, LLC

2.2.77   Trojan GUC Trust: The trust to be established for the benefit of the Holders of Allowed General Unsecured Claims in Classes A2 and A3, with the primary purpose of liquidating the Trojan GUC Trust Assets and making distributions to Holders of Trojan GUC Trust Interests.

2.2.78   Trojan GUC Trust Agreement: An agreement establishing and governing the Trojan GUC Trust, to be included in the Plan Supplement and executed as of the Effective Date.

2.2.79   Trojan GUC Trust Interests: The beneficial interests in the Trojan GUC Trust.

2.2.80   Trojan GUC Assets: The causes of action currently held by Trojan EV in connection with the arbitration styled *Trojan EV, LLC v. BMK Enterprises of South Florida, Inc., BMK Golfcarts, Inc., and BMK Golf Carts,* Case No. 01-23-0000-9074 pending before the American Arbitration Association.

2.2.81   U.S. Trustee Fees:  Fees payable pursuant to 28 U.S.C. § 1930.

2.2.82   Undetermined Claim:  Any Claim that is (a) a Disputed Claim; (b) a Claim arising through rejection of executory contracts or unexpired leases pursuant to this Plan; (c) an undetermined Administrative Claim; or (d) a claim that is an Unliquidated Claim or Contingent Claim.

2.2.83   Unimpaired: When used with reference to a Claim or Equity Interest, a Claim or Equity Interest that is not Impaired.

2.2.84   Unliquidated Claim: Any Claim that is listed in the Schedules on in a Proof of Claim as "unliquidated."

2.3   Rules of Interpretation. For purposes of this Plan, (i) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (ii) any reference in the Plan to an existing

document, pleading or exhibit Filed or to be Filed means such document or exhibit as it may have been or may be amended, modified, or supplemented as permitted herein; (iii) the words "herein," "hereto" and "hereof" refer to the Plan in its entirety rather than to a particular portion of the Plan; and (iv) the rules of construction set forth in Section 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply, unless an alternate calculation is expressly provided herein (*i.e.*, Business Days).

2.4     <u>Computation of Time</u>. In computing any period of time prescribed or allowed in this Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

2.5     <u>Exhibits</u>. All exhibits are incorporated into and are a part of the Plan as if set forth in full herein. Holders of Claims and Equity Interests may obtain a copy of the Filed exhibits upon written request to the Debtors. Upon their Filing, the exhibits may be inspected in the office of the clerk of the Bankruptcy Court or at the Bankruptcy Court's CM/ECF or PACER website. The documents contained in the exhibits shall be approved by the Bankruptcy Court pursuant to the Confirmation Order. The Debtors expressly reserve the right to modify or make additions to or subtractions from any exhibit or to the Plan and to amend, modify or supplement any exhibit to the Plan in conformance with the provisions of this Plan.

2.6     <u>Approved Disclosure Statement</u>. The terms and provisions of the Disclosure Statement, as approved by the Bankruptcy Court, are expressly incorporated herein, except where such provisions of the Disclosure Statement may conflict with the terms of this Plan. In the event that such a conflict arises, the terms of this Plan and the Confirmation Order shall control, with the Confirmation Order controlling over the terms of this Plan.

## ARTICLE III.
## <u>DESIGNATION OF CLASSES OF CLAIMS</u>

3.1     <u>Designation of Classes of Claims</u>. A Claim is classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and is classified in a different Class to the extent that any remainder of the Claim qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that the Claim is an Allowed Claim in that Class and has not been paid, released, or otherwise satisfied before the Effective Date.

3.2     <u>Unclassified Claims</u>.

      Allowed Administrative Claims
      Allowed Priority Tax Claims

3.3     <u>Classified Claims and Interests of Trojan EV</u>.

| Class A1: | Secured Claims of Stellar Bank Against Trojan EV (Impaired) |
| Class A2: | General Unsecured Claims of Trojan Battery (Impaired) |
| Class A3: | General Unsecured Claims Against Trojan EV (Impaired) |
| Class A4: | Insider Claims Against Trojan EV (Impaired) |
| Class A5: | Equity Interests in Trojan EV (Impaired) |

**SECOND AMENDED JOINT PLAN OF REORGANIZATION – PAGE 10**

3.4     Classified Claims and Interests of GCC.

Class B1:     Secured Claims of Stellar Bank Against GCC (Unimpaired)
Class B2:     Secured Claims of Ally Bank Against GCC (Unimpaired)
Class B3:     Secured *Ad Valorem* Tax Claims Against GCC (Unimpaired)
Class B4:     General Unsecured Claims Against GCC (Impaired)
Class B5:     Insider Claims Against GCC (Impaired)
Class B6:     Equity Interests in GCC (Impaired)

## ARTICLE IV.
## PAYMENT OF ADMINISTRATIVE CLAIMS AND EXPENSES AND CERTAIN PRIORITY CLAIMS

4.1     Administrative Claims and Deadline. Holders of Administrative Claims that were incurred, accrued or in existence prior to the Effective Date, other than (a) a Professional Claim, (b) Allowed Administrative Claim as of the Effective Date, (c) Administrative Claim that represents a liability incurred and paid in the ordinary course of the Debtors' businesses, and (d) Administrative Claim based on a fee or charge assessed against the Estate under Chapter 123, Title 28, United States Code, must by no later than the Administrative Claim Bar Date: (i) File an application with the Bankruptcy Court for allowance of the Administrative Claim; and (ii) serve a copy of such application on the Debtors, any Official Committee of Unsecured Creditors (the "Committee"), the United States Trustee, and all other parties entitled to notice thereof. Failure to File and serve such application by the Administrative Claim Bar Date shall result in the Administrative Claim being forever barred and discharged. Except as specifically provided in the Plan, nothing in this Plan alters the law applicable to, and governing, the allowance of an Administrative Claim under the Bankruptcy Code and/or the Bankruptcy Rules.

4.2     Professional Claims and Deadline. Each Professional who holds or asserts an Administrative Claim that is a Professional Claim incurred prior to the Effective Date shall File with the Bankruptcy Court and serve on all parties entitled to receive such notice its Fee Application by no later than the Professional Claim Bar Date. Failure to timely and properly File and serve the Fee Application as required under this section shall result in the Professional Claim being forever barred and discharged. No Professional Claim will be deemed Allowed until an Order allowing the Professional Claim becomes a Final Order. Any party in interest with standing to object to a Professional Claim may File such an objection thereto.

4.3     Treatment of Administrative Claims and Professional Claims. In full and final satisfaction of Allowed Administrative Claims, each Allowed Administrative Claim shall, unless otherwise agreed, be paid in full in Cash by the Reorganized Debtors by the later of (a) fifteen (15) days after the Effective Date, or (b) fifteen (15) days after becoming an Allowed Administrative Claim; *provided, however*, that Allowed Administrative Claims that represent liabilities incurred on or after the Petition Date, but prior to the Effective Date, in the ordinary course of the Debtors' businesses which may be paid in the ordinary course of the Debtors' businesses without Order of the Bankruptcy Court, shall be paid in accordance with the agreements related thereto. Each Allowed Professional Claim, after deducting any retainer, shall be paid by the Debtors by the later of (i) five (5) Business Days after such Professional Claim is Allowed by a Final Order, or (ii) on such date as agreed by the Debtors and the applicable Professional.

4.4     Priority Tax Claims. In full and final satisfaction of Allowed Priority Tax Claims, each Allowed Priority Tax Claim shall, unless otherwise agreed, be paid in full in Cash in accordance with Section 1129(a)(9)(C) of the Bankruptcy Code by the later of (a) fifteen (15) days after the Effective Date, or (b) fifteen (15) days after becoming an Allowed Priority Tax Claim.

4.5     Payment of Statutory Fees. All fees due and payable on or before the Effective Date (a) pursuant to 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, and (b) to the United States Trustee, shall be paid by the Debtors within fifteen (15) days following the Effective Date. From and after the Effective Date, any fees and charges which are assessed under Chapter 123, Title 28, United States Code, in relation to the Bankruptcy Case shall be paid by the Debtors as they become due.

## ARTICLE V.
## TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS

5.1     Class A1: Secured Claims of Stellar Bank Against Trojan EV. Class A1 shall consist of the Allowed Secured Claim of Stellar Bank Against Trojan EV. The Class A1 Claim shall be paid pursuant to the terms of the treatment provided to Stellar Bank on account of its Class B1 Claim; *provided, however,* Stellar Bank shall retain its liens on Trojan EV's assets to the same extent, perfection, and priority as existed as of the Petition Date and shall be unaffected by the Sale of Trojan EV Inventory described in Section 6.1.

Class A1 is Impaired under the Plan and is entitled to Vote.

5.2     Class A2: General Unsecured Claims of Trojan Battery Against Trojan EV. Class A2 consists of the Allowed Unsecured Claims of Trojan Battery against Trojan EV. On account of the Class A2 Claim and in full satisfaction and discharge of the Class A2 Claim, Trojan Battery shall receive (a) the sum of $72,000, which shall be paid $6,000 per month for a period of 12 months, and (b) its Pro Rata share of the Trojan GUC Trust Interests.

Class A2 is Impaired under the Plan and is entitled to Vote.

5.3     Class A3: General Unsecured Claims Against Trojan EV. Class A3 consists of Allowed Unsecured Claims Against Trojan EV not placed in any other Class. Except to the extent that a holder of an Allowed Class A3 Claim and the Debtors or Reorganized Debtors agree to less favorable treatment, each holder of an Allowed Class A3 Claim shall receive, in full and final satisfaction of such claim, its Pro Rata share of the Trojan GUC Trust Interests.

Class A3 is Impaired under the Plan and is entitled to Vote.

5.4     Class A4: Insider Claims Against Trojan EV. Class A4 consists of Insider Claims Against Trojan EV. Class A4 Claims shall receive nothing on account of their claims.

Class A4 is Impaired under the Plan and is deemed to reject the Plan.

5.5     Class A5: Equity Interests in Trojan EV. Class A5 consists of the Equity Interests in Trojan EV. The Equity Interests in Trojan EV shall be cancelled as of the Effective Date.

Class A5 is Impaired under the Plan and is deemed to reject the Plan.

5.6     <u>Class B1: Secured Claims of Stellar Bank Against GCC</u>. Class B1 shall consist of the Secured Claims of Stellar Bank Against GCC related to the Stellar Bank Loan. Stellar Bank shall be paid on its Class B1 Claim pursuant to the terms of the Stellar Bank Loan in the ordinary course. For the avoidance of doubt, Stellar Bank shall retain its liens on GCC's assets to the same extent, perfection, and priority as existed as of the Petition Date.

Class B1 is Impaired under the Plan and is entitled to Vote.

5.7     <u>Class B2: Secured Claims of Ally Bank Against GCC</u>. Class B2 shall consist of the secured claims of Ally Bank Against GCC. In full and final satisfaction of the Allowed Secured Claim owed to Ally Bank, GCC shall surrender the 2023 Ram 3500 Crew Cab Tradesman DRW 6.7L I6 T-Diesel (VIN:3C63RPGL8PG597875) to Ally Bank on or before the Effective Date, or on another date mutually agreed upon by Ally Bank and GCC.

Class B2 is Unimpaired under the Plan.

5.8     <u>Class B3: Secured *Ad Valorem* Tax Claims against GCC</u>. Class B3 shall consist of Secured *Ad Valorem* Tax Claims against GCC. Allowed Class B3 Secured Ad Valorem Tax Claims against GCC shall be paid in full on or before January 31, 2025, in the ordinary course of GCC's business. For the avoidance of doubt, the Taxing Authorities shall retain their liens on GCC's assets to the same extent, perfection, and priority as exists as of the Petition Date.

Class B3 is Unimpaired under the Plan.

5.9     <u>Class B4: General Unsecured Claims Against GCC</u>. Class B4 shall consist of Allowed Unsecured Claims Against GCC not placed in any other Class. Except to the extent that a holder of an Allowed Class B4 Claim and the Debtors or Reorganized Debtors agree to less favorable treatment, each holder of an Allowed Class B4 Claim shall receive in full and final satisfaction of such claim, its Pro Rata share of the Net Equity Sale Proceeds.

Class B4 is Impaired under the Plan and is entitled to Vote.

5.10    <u>Class B5: Insider Claims Against GCC</u>. Class B5 shall consist of Allowed Insider Claims Against GCC not placed in any other Class. Holders of Class B5 Interests shall not receive anything on account of their claims.

Class B5 is Impaired under the Plan and deemed to reject the Plan.

5.11    <u>Class B6: Equity Interests</u>. Class B6 consists of the Equity Interests in GCC. The Equity Interests in GCC shall be cancelled as of the Effective Date.

Class B6 is Impaired under the Plan and deemed to reject the Plan.

## ARTICLE VI.
## MEANS OF IMPLEMENTING THE PLAN

6.1     Sale of Trojan EV Inventory. On the Effective Date, EV Titan, LLC, shall purchase from Trojan EV the Inventory for the sum of $72,000.00 (the "Inventory Proceeds"). The Inventory Proceeds shall be paid by EV Titan $6,000 per month for twelve months, with the first payment being made on the first day of the first month after the Effective Date. For the avoidance of doubt, the Inventory will be sold to EV Titan, LLC subject to the liens and claims of Stellar Bank.

6.2     Sale of New Equity Interests in Reorganized GCC. The Plan contemplates the cancellation of the Equity Interests in GCC and the sale of new equity interests (the "Reorganized GCC Equity Interests") in Reorganized GCC for the GCC Purchase Price. At the Confirmation Hearing and pursuant to the Plan, the Debtors will seek Bankruptcy Court approval to sell the Reorganized GCC Equity Interests free and clear of any Liens, Claims, encumbrances, or other interests to the Proposed Purchaser for the GCC Purchase Price. The Net Equity Sale Proceeds shall be used in the following order of priority: first, to satisfy Administrative Claims (including Professional Claims); second, to fund distributions to Holders of Allowed Class B4 Claims; third, to fund distribution to Holders of Allowed Class B5 Claims once the Allowed Class B4 Claims are paid in full; and finally, if any Net Equity Sale Proceeds remain after payment of Allowed Administrative Claims, Allowed Class B4 Claims, and Allowed Class B5 Claims, then the remainder shall be distributed to the holders of Class B6 Equity Interests.

6.3     Provisions Related to Trojan Battery.

      6.3.1     Permanent Injunction. While the IP Litigation is pending, the Debtors shall not use Trojan Battery's registered and common law trademarks for TROJAN, TROJAN BATTERY SALES, and the Trojan Battery's logo, pictured below, by the Debtors (the "IP Injunction").



6.4     Trojan GUC Trust. On the Effective Date, a trust will be established for the benefit of the Holders of Allowed General Unsecured Claims in Classes A2 and A3 (the "Trojan GUC Trust"), with the primary purpose of liquidating the Trojan GUC Trust Assets and making distributions to Holders of Trojan GUC Trust Interests. The Trojan GUC Trust shall be responsible for paying any U.S. Trustee fees accruing in relation to disbursements by the Trojan GUC Trust and any taxes related to the Trojan GUC Trust Assets. The Trojan GUC Trust may for the convenience of the parties, if and to the extent separately funded in advance, assume responsibility for other U.S. Trustee fees payments. The Debtors may select the trustee of the Trojan GUC Trust (the "Trojan GUC Trustee"), subject to the consent, not to be unreasonably withheld, of Trojan Battery and Stellar Bank. Any professionals hired by the Trojan GUC Trustee will be compensated for services in such capacity from the Trojan GUC Trust Assets or proceeds thereof. An agreement establishing and governing the Trojan GUC Trust will be included in the Plan Supplement and executed as of the Effective Date, which agreement must be acceptable in form and substance to

the Parties (the "Trojan GUC Trust Agreement"). On the Effective Date, each holder of Allowed Class A2 and A3 Claims will receive its Pro Rata share of 100% of the beneficial interests in the Trojan GUC Trust. The Trojan GUC Trustee will reconcile and administer General Unsecured Claims and make distributions on account thereof. The "Trojan GUC Trust Assets" shall include the causes of action currently held by Trojan EV that are being pursued in the arbitration styled: Trojan EV, LLC v. BMK Enterprises of South Florida, Inc., BMK Golfcarts, Inc., and BMK Golf Carts, Case No. 01-23-0000-9074 pending before the American Arbitration Association.

6.5     Post-Effective Date Management

6.5.1   Reorganized Trojan EV. After the Effective Date, Trojan EV shall be wound down pursuant to Wyoming law.

6.5.2   Reorganized GCC. After the Effective Date, Reorganized GCC shall be owned by the holders of the Reorganized GCC Equity Interests and shall be managed by the persons appointed or elected, as the case may be, by the holders of the Reorganized GCC Equity Interests. Prior to the Confirmation Hearing, the Debtors shall disclose in the Plan Supplement the name(s) of the individuals who will serve as management in Reorganized GCC.

6.6     Authority. All actions and transactions contemplated under this Plan are and shall be authorized upon Confirmation of this Plan without the need of further approvals, notices or meetings of the Debtors' directors, officers, managers and/or members, other than notice provided by serving this Plan on (i) all known holders of Claims and (ii) all current holders of Equity Interests of the Debtors.  Specifically, all amendments to the certificates of incorporation and bylaws of the Debtors and all other corporate actions on behalf of the Debtors as may be necessary to put into effect or carry out the terms and intent of this Plan, including, without limitation, any mergers, consolidations, or dissolution of the Debtors, may be effected, exercised, and taken without further action by the Debtors' directors, officers, managers and/or members with like effect as if effected, exercised and taken by unanimous action of the directors, officers, managers and/or members of the Debtors.

6.7     Section 1145 Exemption.

6.7.1   Exemption from Registration. The sale of the Reorganized GCC Equity Interests provided for in this Plan shall be exempt from registration under the 1933 Act or applicable securities laws without further act or action by any Person pursuant to section 1145 of the Bankruptcy Code and/or any other applicable exemptions.

6.7.2   Transferability. Under section 1145 of the Bankruptcy Code, any securities issued under the Plan that are exempt from registration pursuant to section 1145(a) of the Bankruptcy Code will be freely tradeable by the recipients thereof, subject to: (i) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the 1933 Act; (ii) compliance with any rules and regulations of the Securities and Exchange Commission, if any, applicable at the time of any future transfer of such securities or instruments; (iii) the restrictions, if any, on the transferability of such securities and instruments; and (iv) applicable regulatory approval.

**SECOND AMENDED JOINT PLAN OF REORGANIZATION – PAGE 15**

6.8     Conditions to Effective Date. The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied in accordance with the terms hereof:

(a)     The Confirmation Order shall have become a Final Order; and

(b)     All other actions, documents, and agreements necessary to implement the Plan shall have been effected or executed.

6.9     Waiver of Conditions Precedent. Each of the conditions precedent in Section 6.4 hereof may be waived, in whole or in part, by the Reorganized Debtors, without notice or order of the Bankruptcy Court.

6.10     Retention of Causes of Action. Unless expressly released otherwise by this Plan or by an order of the Bankruptcy Court, any and all such claims and Causes of Action against third parties are specifically reserved, including but not limited to any such claims or Causes of Action relating to any counterclaims, demands, controversies, costs, debts, sums of money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, legal proceedings, equitable proceedings, and executions of any nature, type, or description, avoidance actions, fraudulent transfer actions, strong-arm power actions, state law fraudulent transfer actions, improper assignment of interest, negligence, gross negligence, willful misconduct, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relationships, breach of fiduciary duty, conversion, aiding and abetting, civil conspiracy, conflicts of interest, misuse of insider information, concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to inspect, environmental due diligence, negligent loan processing and administration, wrongful recoupment, wrongful setoff, violations of statutes and regulations of governmental entities, instrumentalities and agencies, equitable subordination, debt re-characterization, substantive consolidation, securities and antitrust laws violations, tying arrangements, deceptive trade practices, breach or abuse of any alleged fiduciary duty, breach of any special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, malpractice, at law or in equity, in contract, in tort, or otherwise, known or unknown, suspected or unsuspected.

Unless expressly released by this Plan or by an order of the Bankruptcy Court, the Debtors may hold claims against a holder of a Claim or Equity Interest, including but not limited, the following claims and Causes of Action, all of which shall be preserved:

- Any discharge or dischargeability causes of action under sections 523 or 727 of the Bankruptcy Code related to any claim or Cause of Action reserved and preserved under the Plan and this Disclosures Statement;

- Fraudulent transfer and other avoidance claims arising under sections 506, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code and various state laws;

- Unauthorized post-petition transfer claims including, without limitation, claims under section 549 of the Bankruptcy Code;

- Claims and Causes of Action against Blackhorse Storage, Kinsale Insurance Company, and League City Custom Golf Carts, LLC; and

- Claims, Counterclaims, and Causes of Action asserted in current litigation, whether commenced pre- or post-petition, including but not limited the claims and counterclaims asserted in the matters disclosed in the Debtors' Statements of Financial Affairs filed in the Bankruptcy Case and listed herein:

*Trojan EV, LLC v. BMK Enterprises of South Florida, Inc., BMK Golfcarts, Inc., and BMK Golf Carts*, Cause No. 01-23-0000-9074 pending before the American Arbitration Association;

*Trojan EV, LLC v. Legacy Truck Insurance Agency LLC and Jaime Martinez*, Cause No. 202271865 pending before the 164th District Court of Harris County, Texas; and

*Trojan Battery Company, LLC v. Trojan EV LLC and Golf Carts of Cypress LLC*, Cause No. 4:21-cv-03075 pending before the United States District Court for the Southern District of Texas;

*Golf Carts of Cypress, LLC v. Waste Connections of Texas, LLC*, Cause No. 245200048774 pending before the Justice of the Peace, Precinct 5, Place 2, Harris County, Texas;

*Golf Carts of Cypress, LLC v. JR Big Bros, LLC*, Cause No. 235200002060 pending before the Justice of the Peace, Precinct 5, Place 2, Harris County, Texas;

*Golf Carts of Cypress, LLC and Federico Nell v. Andrew Jared Shelton, Shelton's Trailer & Performance Svc's LLC, Kelli Nicole Hampton, and U-K Ham, LLC d/b/a Kham Services*, Cause No. 202334976 pending before the 333rd District Court of Harris County, Texas;

*Golf Carts of Cypress, LLC v. Sean Fitzgerald and Vermont Mattress and Bedroom Company, Inc*., Cause No. 1221640 pending before the Civil Court at Law No. 1, Harris County, Texas;

*Wally Hogan v. Golf Carts of Cypress, LLC*, Cause No. 1214572 pending before the Civil Court at Law No. 4 Harris County, Texas; and

*Hector Martinez v. Pablo Fuentes, Jose Fuentes, Golf Carts of Cypress LLC, Federico Nell, Golf Carts of Cypress League City LLC, and Golf Carts LLC*, Cause No. 202428777 pending before the 133rd District Court of Harris County, Texas.

**SECOND AMENDED JOINT PLAN OF REORGANIZATION – PAGE 17**

## ARTICLE VII.
## PROVISIONS FOR THE REJECTION OF EXCUTORY CONTRACTS AND UNEXPIRED LEASES

7.1     Executory Contracts to be Assumed. The executory contracts and unexpired leases of the Debtors listed in Exhibit 1 shall be assumed as of the Effective Date. The inclusion of any contracts or leases on Exhibit 1 hereto shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved). The Debtors reserve the right to amend Exhibit 1 at any time prior to the Confirmation Hearing.

7.2     General Rejection of Executory Contracts. All executory contracts and unexpired leases of the Debtors (including, but not limited to, those listed on the Debtors' Schedules) which are not expressly assumed or rejected on or before the Effective Date, or not otherwise specifically treated in this Plan or in the Confirmation Order, shall be deemed to have been rejected as of the Effective Date. The listing by the Debtors in their Schedules of a contract or lease as an executory contract or unexpired lease will not constitute an admission by the Debtors that such contract or lease is an executory contract or unexpired lease of the Debtors, or that the Debtors or their respective Estates have any liability thereunder.

7.3     Claims for Damages. Unless otherwise specified in a separate Final Order of the Bankruptcy Court, any Claim based upon rejection of an executory contract or unexpired lease under the Plan must be Filed with the Bankruptcy Court and served on the Reorganized Debtors such that the Claim is actually received within thirty (30) days of the entry of the Confirmation Order. All Allowed Claims for rejection damages, unless otherwise specifically provided for or addressed in this Plan, shall be treated as either a Class A2 Claim, if against Trojan EV, or a Class B4 Claim, if against GCC. Any Claim not Filed within such time will be forever barred from assertion against the Debtors and their respective Estates.

## ARTICLE VIII.
## RESOLUTION OF UNDETERMINED CLAIMS

8.1     Standing. In addition to all other parties that may otherwise have standing to object to Claims, the Reorganized Debtors shall have specific standing to object to the allowance of said Claims.

8.2     Effect of Bar Date. In accordance with Bankruptcy Rule 3003(c), any entity, Person or Creditor whose Claim was listed in the Schedules, or holds a Contingent Claim, Unliquidated Claim, or Disputed claims, and did not file a proof of Claim before the Bar Date, shall not be treated as a Creditor with respect to such Claim for purposes of voting or distribution.

8.3     Amendments to Claims; Claims Filed After the Effective Date. Except as otherwise provided in the Plan, and subject to the Bar Date, a Claim may not be amended after the Effective Date without the prior written authorization of the Bankruptcy Court. Except as otherwise provided in the Plan, any amended Claim Filed with the Bankruptcy Court after the Effective Date shall be deemed Disallowed in full and expunged without the need for any action by the Debtors.

8.4     <u>Objection Deadline</u>. Within ninety (90) days after the Effective Date, unless such date is extended by Order of the Court after notice and hearing, The Reorganized Debtors may file with the Bankruptcy Court objections to Claims and interests and shall serve a copy of each such objection upon the Holder of the Claim or interest to which such objection pertains, but upon no other party or party-in-interest.  Unless arising from an Avoidance Action, any proof of Claim filed after the Confirmation Date shall be of no force and effect and need not be objected to. Any Undetermined Claim may be litigated to Final Order. The Reorganized Debtors may compromise and settle any Undetermined Claim without the necessity of any further notice or approval of the Bankruptcy Court, and Bankruptcy Rule 9019 shall not apply to any settlement of an Undetermined Claim after the Effective Date. Nothing in this Plan extends the Bar Date set in the Bankruptcy Case or grants any Creditor any greater rights with respect to a late-filed Claim than such Creditor otherwise has. Unless otherwise ordered by the Court, The Reorganized Debtors shall litigate to judgment, settle, or withdraw objections to contested Claims.

8.5     <u>Creditor Response to Objection</u>. With respect to any objection to a Claim when such objection is filed after the Effective Date but otherwise in compliance with this Plan, the Creditor whose Claim was the subject of the objection must file with the Bankruptcy Court and serve a response to the objection upon The Reorganized Debtors and the objecting party no later than thirty (30) days from the date of service of any such objection.  Failure to file and serve such a response within the thirty (30) days shall cause the Bankruptcy Court to enter a default judgment against the non-responding Creditor and thereby grant the relief requested in the objection without further notice to such Creditor. Any such objection shall contain prominent negative notice language informing the objected-to creditor of the same.

8.6     <u>No Payment Pending Allowance</u>. Notwithstanding any other provision in the Plan, if any portion of a Claim is Disputed or is an Undetermined Claim, then no payment or Distribution shall be made on account of any portion of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

8.7     <u>Allowance of Claims</u>. At the time, and to the extent that a Disputed or an Undetermined Claim becomes an Allowed Claim, such Allowed Claim shall be entitled to such Distributions. Such Distributions shall be made in the manner provided for by this Plan, or any Final Order of the Bankruptcy Court with respect to such Allowed Claim.

8.8     <u>Estimation of Claims</u>. The Debtors may at any time request that the Bankruptcy Court estimate any Contingent Claim, Unliquidated Claim or Disputed Claim pursuant to 11 U.S.C. § 502(c), regardless of whether the Debtors previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection.  In the event that the Bankruptcy Court estimates an Undetermined Claim, the amount so estimated shall constitute either the allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Debtors may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not exclusive of one

another. Claims may be estimated, compromised, settled, withdrawn, or resolved by any mechanism approved by the Bankruptcy Court.

## ARTICLE IX.
## DISTRIBUTION PROCEDURES

9.1     Distributions. Trojan EV and GCC shall make Distributions to the holders of Allowed Claims on the terms set forth in this Plan and subject to the availability of Cash.

9.2     Record Date for Claims. The record date for Distributions to Allowed Claims under the Plan shall be the date the Bankruptcy Court enters its Order approving the Disclosure Statement, or, if applicable, the Order conditionally approving the Disclosure Statement. For purposes of Distribution to holders of Allowed Claims, the Debtors will rely on the Claims Register maintained by the Bankruptcy Court except to the extent a notice of transfer of Claim has been Filed with the Bankruptcy Court prior to the record date pursuant to Bankruptcy Rule 3001.

9.3     Form of Distributions. Any Cash payment to be made pursuant to the Plan may be made by check or wire transfer, at the option of the Debtors.

9.4     Conditions to Distributions; Warranty of Entitlement. Each and every Creditor who receives and accepts a Distribution under the Plan on account of an Allowed Claim is deemed to have warranted to the Debtors that such Creditor is the lawful holder of the Allowed Claim, is authorized to receive the Distribution, and that there are no outstanding commitments, agreements or understandings, express or implied, that may or can, in any way, defeat or modify the right of the Creditor to receive the Distribution.

9.5     Withholding Taxes. In connection with this Plan, to the extent applicable, the Debtors shall comply with all tax withholding and reporting requirements validly imposed on them by any governmental authority, and all Distributions pursuant hereto shall be subject to such withholding and reporting requirements. Notwithstanding any provision in this Plan to the contrary, the Debtors and The Reorganized Debtors shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including, without limitation, payment of applicable withholding taxes from a Distribution, and conditioning a Distribution upon receipt of necessary tax reporting information from the holder of the Claim.

9.6     Setoffs. Except as otherwise expressly provided in the Plan and pursuant to Sections 502(d) or 553 of the Bankruptcy Code or any applicable non-bankruptcy law, the Debtors may upon application and approval by the Bankruptcy Court, setoff against any Distribution to be made pursuant to the Plan on account of an Allowed Claim any claims, rights or Causes of Action held by the Debtors against the holder of the Allowed Claim, or in relation to the Allowed Claim; *provided, however*, that neither the failure to effect such a setoff nor the allowance of any Claim shall constitute a waiver or release by the Debtors or The Reorganized Debtors of any such claims, rights or Causes of Action.  If the Debtors or The Reorganized Debtors fails to setoff against a Claim and seeks to collect from the holder of such Claim after Distribution to that holder pursuant to the Plan, The Reorganized Debtors shall be entitled to full recovery on the claims of the Debtors or their Estates, if any, against the holder of such Claim.

9.7     Rounding. Where the calculation of a distribution results in a fraction of a cent owing, the calculation shall be rounded down to the nearest whole cent for purposes of paying (or reserving) the Distribution.

9.8     *De Minimis* Distributions. Notwithstanding any provision of the Plan to the contrary, no Distribution of less than twenty-five dollars ($25.00) shall be made on an Allowed Claim from the Debtors, unless such Distribution shall be a final Distribution.

9.9     Undeliverable and Unclaimed Distributions. Any Person that is entitled to receive a Cash Distribution under the Plan but fails to cash a check within ninety (90) days of its issuance shall be entitled to receive a reissued check from the Debtors for the amount of the original check, without any interest, if such Person requests the Debtors to reissue such check and provides such documentation as may be requested to verify that such Person is entitled to such check prior to the later of: (i) the first anniversary of the Effective Date; or (ii) six (6) months after such Person's Claim becomes an Allowed Claim.  After the expiration of the applicable deadline to request a check to be reissued, the Person who fails to cash a check within ninety (90) days of its issuance shall not be entitled to receive any Distribution under the Plan on account of the Claim that was attempted to be paid. If the Distribution to any holder of an Allowed Claim is returned to the Debtors as undeliverable, no further Distributions will be made to such holder unless and until the Debtors are notified in writing of such holder's current address; *provided*, *however*, a claim for an undeliverable Distribution must be made within one hundred eighty (180) days following the date of issuance of the original Distribution. After such date, all unclaimed property shall revert to the Debtors for further disbursement in accordance with the Plan, and the Claim of any holder or successor to such holder with respect to such property shall be discharged, disallowed, and forever barred notwithstanding any federal or state escheatment laws to the contrary. The Debtors have no obligation to independently undertake any investigation to determine the whereabouts of any holder of an Allowed Claim.

9.10    Disputed Distributions. No Distribution will be made on account of a Disputed Claim unless and until it becomes Allowed. Upon a request for estimation, the Bankruptcy Court will determine what amount of Cash from the initial and subsequent Distributions is sufficient to reserve on account of any Disputed Claim not otherwise treated in the Plan pursuant to Section 502 of the Bankruptcy Code or applicable law; in which case, the amount so determined by the Bankruptcy Court shall be deemed the Allowed amount of such Disputed Claims for purposes of the Plan or, in lieu thereof, the Bankruptcy Court will determine the maximum amount to which such Claim may be ultimately Allowed.  Upon motion by a party in interest, the Bankruptcy Court may determine the appropriate amount of any reserves required in connection with a Disputed Claim. In the event that a dispute arises as to the rightful owner of an Allowed Claim, or a Distribution thereon, the Debtors may either (a) deposit the Distribution into the Disputed Claims Reserve until a determination is made as to the rightful owner of the Distribution by the Bankruptcy Court or by written agreement between each of the Persons making claim to the Distribution, or (b) interplead the Distribution into the registry of the Bankruptcy Court or such other court having jurisdiction over the Disputed Distribution and the Persons making claim to such Distribution, reserving the right to assert any and all claims that the Debtors may have in relation to such interpleader action; *provided, however,* that once segregated or interplead, interest shall cease to accrue on an Allowed Claim.

**SECOND AMENDED JOINT PLAN OF REORGANIZATION – PAGE 21**

**ARTICLE X.**
**EFFECTS OF CONFIRMATION OF PLAN, INJUNCTION AND EXCULPATION**

10.1     Notice of the Effective Date. On or before ten (10) Business Days after occurrence of the Effective Date, the Debtors shall mail or cause to be mailed to all holders of Claims and Equity Interests a notice that informs such holders of the following: (a) entry of the Confirmation Order; (b) occurrence of the Effective Date; (c) the Administrative Claim Bar Date; (d) Professional Claim Bar Date; and (e) such other matters that the Debtors deem appropriate.

10.2     Binding Effect of Plan. Upon the Effective Date, the Plan and each of its provisions shall be binding on the Debtors, The Reorganized Debtors, all Creditors, all Equity Interest holders, and all Persons acquiring property under the Plan, whether or not they voted to accept the Plan, whether or not they had a right to vote on the Plan, whether or not any Claim or Equity Interest held by any of them is Impaired under the Plan, whether or not any Claim or Equity Interest held by any of them is Allowed in full, only in part, or Disallowed in full, and whether or not a Distribution is made to any of them under the Plan.

10.3     Discharge of Claims. Except as otherwise provided herein or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made hereunder shall discharge all existing debts and Claims of any kind, nature, or description whatsoever against GCC or any of its assets or properties to the extent permitted by Section 1141 of the Bankruptcy Code; upon the Effective Date, all existing Claims against GCC shall be, and shall be deemed to be discharged; and all Holders of Claims shall be precluded from asserting against The Reorganized GCC or any of its assets or properties, any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such Holder filed a proof of claim.

10.4     Discharge of GCC. Except as otherwise provided herein or in the Confirmation Order, any consideration distributed under the Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Claims of any nature whatsoever against GCC or any of its assets or properties; and except as otherwise provided herein, upon the Effective Date, GCC shall be deemed discharged and released to the extent permitted by Section 1141 of the Bankruptcy Code from any and all Claims, including but not limited to demands and liabilities that arose before the Effective Date, whether or not (a) a proof of claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is allowed under Section 502 of the Bankruptcy Code; or (c) the Holder of the Claim based upon such debt has accepted the Plan.  Except as provided herein, the Confirmation Order shall be a judicial determination of discharge of all liabilities of GCC. Except as provided herein, pursuant to Section 524 of the Bankruptcy Code, such discharge shall void any judgment against GCC at any time obtained to the extent it relates to a Claim discharged, and operates as an injunction against the prosecution of any action against GCC or the property of GCC, to the extent it relates to a Claim discharged.

10.5     Injunction Against Interference with Plan. Upon the Effective Date, all holders of Claims, all holders of Equity Interests, and all other parties in interest in the Bankruptcy Case, along with their respective current and former officers, directors, principals, employees and agents,

shall be and are hereby enjoined from taking any action to interfere with the implementation or consummation of the Plan.

10.6    Exculpation. THE DEBTORS SHALL NOT HAVE OR INCUR ANY LIABILITY TO ANY PERSON FOR ANY ACT TAKEN OR OMISSION IN CONNECTION WITH OR RELATED TO FORMULATING, NEGOTIATING, IMPLEMENTING, CONFIRMING OR CONSUMMATING THE PLAN AND THE DISCLOSURE STATEMENT, EXCEPT FOR WILLFUL MISCONDUCT. THE DEBTORS SHALL HAVE NO LIABILITY, EXCEPT FOR WILLFUL MISCONDUCT, TO OTHER DEBTORS, ANY CREDITOR, ANY EQUITY INTEREST HOLDER, AND ANY OTHER PARTY IN INTEREST IN THE BANKRUPTCY CASES, OR ANY OTHER PERSON FOR ACTIONS TAKEN OR NOT TAKEN UNDER THE PLAN, IN CONNECTION HEREWITH OR WITH RESPECT THERETO, OR ARISING OUT OF THEIR ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN INCLUDING, WITHOUT LIMITATION, FAILURE TO OBTAIN CONFIRMATION OR TO SATISFY ANY CONDITION OR CONDITIONS, OR REFUSAL TO WAIVE ANY CONDITION OR CONDITIONS, TO THE OCCURRENCE OF THE EFFECTIVE DATE, AND IN ALL RESPECTS SUCH DEBTORS SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN.

10.7    Post-Effective Date Retention of Professionals. Upon the Effective Date, any requirement that professionals comply with §§ 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date will terminate, and Debtor will employ and pay professionals in their ordinary course of business.

## ARTICLE XI.
## MODIFICATIONS OF THE PLAN

11.1    Amendments Prior to Confirmation Date. The Debtors reserve the right to amend or modify the Plan prior to Confirmation pursuant to Section 1127(a) of the Bankruptcy Code, and the Plan, as amended shall become the new Plan.

11.2    Amendments After Confirmation Date. The Debtors may amend or modify the Plan before its substantial consummation, provided that the Plan, as amended or modified, meets the requirements of the Bankruptcy Code and the Bankruptcy Court, after notice and hearing, confirms this Plan, as modified.

11.3    Effect on Claims. A holder of a Claim that has accepted or rejected this Plan shall be deemed to have accepted or rejected, as the case may be, this Plan, as modified, unless, within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

## ARTICLE XII.
## RETENTION OF JURISDICTION

12.1    Purposes. Notwithstanding entry of the Confirmation Order, the Bankruptcy Court shall retain jurisdiction over the Bankruptcy Case for the following purposes:

(i)    to determine any and all objections to the allowance of Claims or Equity

Interests, both before and after the Confirmation Date, including any objections to the classification of any Claim or Equity Interest;

(ii)     to determine any and all applications for fees and expenses authorized to be paid or reimbursed in accordance with Section 503(b) of the Bankruptcy Code or this Plan;

(iii)    to determine any and all pending applications for the assumption or rejection of executory contracts or for the rejection or assumption and assignment, as the case may be, of unexpired leases to which the Debtors are a party or with respect to which it may be liable; to hear and determine any actions to void or terminate unexpired contracts or leases, and to hear and determine and, if need be, to liquidate any and all Claims arising therefrom;

(iv)     to hear and determine any and all actions initiated by the Debtors, whether by motion, complaint or otherwise;

(v)      to determine any and all applications, motions, adversary proceedings and contested matters pending before the Bankruptcy Court on the Confirmation Date or Filed or instituted after the Confirmation Date;

(vi)     to modify this Plan, the Disclosure Statement or any document created in connection with this Plan, or remedy any defect or omission or reconcile any inconsistency in any Order of the Bankruptcy Court, this Plan, the Disclosure Statement or any document created in connection with this Plan, in such manner as may be necessary to carry out the purposes and effects of this Plan to the extent authorized by the Bankruptcy Code;

(vii)    to ensure that the Distributions are accomplished in accordance with the provisions of this Plan;

(viii)   to Allow, Disallow, determine, liquidate, or estimate any Claim or Equity Interest, and to enter or enforce any Order requiring the Filing of any such Claim or Equity Interest before a particular date;

(ix)     to enter such Orders as may be necessary to interpret, enforce, administer, consummate, implement and effectuate the operative provisions of this Plan, the Confirmation Order and all documents and agreements provided for herein or therein or executed pursuant hereto or thereto including, without limitation, entering appropriate Orders to protect the Estate from creditor actions;

(x)      to hear any other matter not inconsistent with Chapter 11 of the Bankruptcy Code;

(xi)     to enter and implement such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, or vacated;

**SECOND AMENDED JOINT PLAN OF REORGANIZATION – PAGE 24**

(xii)   to determine such other matters as may arise in connection with this Plan, the Disclosure Statement, or the Confirmation Order;

(xiii)   to enforce all Orders, judgments, injunctions, and rulings entered in connection with the Bankruptcy Case;

(xiv)   to determine all issues relating to the Claims of the IRS, and other taxing authorities, state or federal;

(xv)   to determine any Avoidance Actions;

(xvi)   to enter a Final Order and final decree closing the Bankruptcy Case; and

(xvii)   to determine any matter or issue related to Reorganized Debtors.

12.2   <u>Exclusive Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to resolve all controversies, suits and disputes that may arise in connection with the interpretation, enforcement, consummation, implementation or administration of this Plan, the Confirmation Order or the Disclosure Statement, and all entities shall be enjoined from commencing any legal or equitable action or proceeding with respect to such matters in any other court or administrative or regulatory body.

12.3   <u>Abstention</u>. If the Bankruptcy Court abstains from exercising jurisdiction or is otherwise without jurisdiction over any matter arising out of the Bankruptcy Case, including the matters set forth in this Article XIII, then this Article XIII shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

12.4   <u>Rights of the Reorganized Debtors</u>. Nothing contained in this Article shall be construed so as to limit the rights of Reorganized Debtors to commence or to prosecute any Cause of Action in any court of competent jurisdiction.

## ARTICLE XIII.
## GENERAL PROVISIONS

13.1   <u>Certain Rights Unaffected</u>. Except as otherwise provided herein, any rights or obligations which the Creditors may have among themselves as to their respective Claims or the relative priority or subordination thereof are unaffected by this Plan.

13.2   <u>Incorporation of Bankruptcy Rule 9019</u>. To the extent necessary to effectuate and implement the compromises and releases contained in this Plan, the Plan shall be deemed to constitute a motion under Bankruptcy Rule 9019 seeking the Bankruptcy Court's approval of all of the compromises and releases contained herein. More specifically, and without limiting this provision, the Plan shall be deemed to constitute a motion under Bankruptcy Rule 9019 to settle any Claims and the treatment provided for them in this Plan.

13.3   <u>Incorporation of Valuation Motion</u>. To the extent necessary to effectuate and implement the provisions of this Plan, the Plan shall be deemed to constitute a motion for valuation

under the Bankruptcy Code, including the value of any lien, security interest, or encumbrance treated by this Plan; *provided, however,* that nothing in this Plan shall alter any valuation ordered by Final Order of the Bankruptcy Court in the Bankruptcy Case.

13.4    <u>Automatic Stay</u>. The automatic stay provided in Section 362 of the Bankruptcy Code, shall remain in effect through the Effective Date, unless otherwise specifically modified, annulled, or terminated by the Bankruptcy Court pursuant to a separate order, and shall terminate on the Effective Date.

13.5    <u>Reservation of Rights</u>. The Plan shall have no force or effect unless and until the Effective Date occurs. Prior to the Effective Date, none of the filing of the Plan, any statement or provision contained in the Plan, or action taken by the Debtors with respect to the Plan shall be, or shall be deemed to be, an admission or waiver of any rights of the Debtors or any other party with respect to any Claims or Equity Interests or any other matter.

13.6    <u>Rights Under 1129(b)</u>. **The Debtors hereby give notice of their intent to seek confirmation under the cram down provisions of Section 1129(b) of the Bankruptcy Code, if necessary**.

13.7    <u>Headings</u>. The article and section headings used in this Plan are inserted for convenience and reference only and neither constitute a part of this Plan nor in any manner affect the terms, provisions, or interpretations of this Plan.

13.8    <u>Severability</u>. If any term or provision in this Plan is determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any other term or provision of this Plan.

13.9    <u>Governing Law</u>. Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan and any documents, agreements and instruments executed in connection with this Plan (except to the extent such documents, agreements and instruments designate otherwise) shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas.

13.10    <u>Successors and Assigns</u>. The rights and obligations of any entity named or referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such entity.

13.11    <u>Insurance</u>. Notwithstanding anything to the contrary in this Plan, neither the Confirmation Order nor Confirmation and consummation of this Plan shall have any effect on the insurance policies of the Debtors or their current or former directors, officers or managers (including, but not limited to, director and officer liability policies to the extent that the Debtors or their current or former directors, officers and managers have any rights under such policies) in which the Debtors or their current or former directors, officer or managers are or were an insured party or any claim asserted thereunder. Each insurance company is prohibited from denying, refusing, altering, or delaying coverage for the Debtors (or their current or former directors, officers or managers) on any basis regarding or related to the Bankruptcy Case, this Plan or any provision within this Plan, including the treatment or means of liquidation set out within this Plan for insured claims.

**SECOND AMENDED JOINT PLAN OF REORGANIZATION – PAGE 26**

Dated: September 20, 2024

**TROJAN EV, LLC**

By: */s/ Federico Nell*
    Federico Nell, Managing Member

**GOLF CARTS OF CYPRESS, LLC**

By: */s/ Federico Nell*
    Federico Nell, Managing Member

**OF COUNSEL:**

*/s/ Megan F. Clontz*
Jason P. Kathman
State Bar No. 24070036
Megan F. Clontz
State Bar No. 24069703
SPENCER FANE LLP
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile
Email: jkathman@spencerfane.com
Email: mclontz@spencerfane.com

**COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION**