IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| TROJAN EV, LLC and GOLF CARTS OF CYPRESS, LLC., | § § § | Case No. 24-31910 |
| Debtors. | § | (Jointly Administered) |

**EMERGENCY MOTION OF JUAN PATINO, INDIVIDUALLY, ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE WRONGFUL DEATH OF DUSTIN PATINO, DECEASED, AND AS AN HEIR OF DUSTIN PATINO, DECEASED RELIEF FROM THE AUTOMATIC STAY**

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

PURSUANT TO LOCAL RULE 9013-1(i), SHOULD THE COURT DETERMINE A HEARING ON THIS MOTION FOR RELIEF FROM THE AUTOMATIC STAY IS NECESSARY, MOVANT HEREBY REQUESTS AN EMERGENCY HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 7 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**AN EMERGENCY HEARING HAS BEEN REQUESTED TO BE HELD ON OCTOBER 21, 2024 AT 10:30 A.M.**

Juan Patino, Individually, on behalf of all those entitled to recover for the wrongful death of DUSTIN PATINO, deceased, and as an Heir of DUSTIN PATINO, deceased ("**Patino**"), a post-petition creditor and party in interest in the above captioned Chapter 11 case, files this emergency motion for relief from the automatic stay imposed by 11 U.S.C. § 362 and entry of an order

pursuant to Federal Rules of Bankruptcy Procedure 4001(a)(1) and 9014(a) and Local Bankruptcy Rule 4001-1 to permit prosecution of wrongful death and survival claims against the Debtors in the District Court of Harris County, Texas or other State District Court of competent jurisdiction and proper venue.  Counsel for Patino and counsel for Debtors have conferred prior to filing this motion and Debtors state they are unopposed to the motion being considered and heard on an emergency basis.  Debtors' counsel have not yet confirmed that Debtors are unopposed to the stay relief requested but have stated they will confirm their position by Monday, October 7, 2024.  In support of the Motion, Patino states as follows:

## I.
## Jurisdiction and Venue

1.On April 29, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for bankruptcy under chapter 11 of the Bankruptcy Code initiating the above-captioned and related bankruptcy cases (the "Chapter 11 Cases"). From and after the Petition Date, the Debtors have managed their estates as debtors in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G). The statutory basis for the relief sought is 11 U.S.C. § 362.

## II.
## Factual and Procedural Background

3.Patino asserts wrongful death and survival claims against Debtors and other parties arising after the Petition Date, from the following facts and such additional facts as may be adduced in discovery:

4.In September of 2023, KOLTON SONNENBERG ("**Sonnenberg**") purchased a 2023 Trojan EV, model X-4 golf car bearing serial number LLTGEFXM4NB0016 ("**the Subject Trojan EV Car**") from Debtors TROJAN EV, LLC and GOLF CARTS OF CYPRESS, LLC,

2

and non-Debtor, FAMILY POWERSPORTS. Sonnenberg had the Subject Trojan EV Car shipped to his home at 5518 Enclave Court, San Angelo, Texas in the Bentwood Country Club Estates.

5. Sonnenberg and EMILIE KREIGER ("**Krieger**") were friends and acquaintances of DUSTIN PATINO ("**Decedent**"), the natural son of Patino, the Movant and prospective plaintiff. On June 29, 2024, Sonnenberg and Krieger met with friends at the pool bar owned and operated by BENTWOOD COUNTRY CLUB ("**Bentwood**"). They were joined by the Deceased and others. Sonnenberg and Krieger spent several hours that day at the pool bar and were served alcoholic beverages during that time by staff members of Bentwood.

6. When the group departed Bentwood's pool bar for Sonnenberg's nearby home, they left in the Subject Trojan EV Car owned by Sonnenberg, who allowed Krieger to drive the Subject Trojan EV Car while he was seated in the front passenger seat position. Another friend was in the rear facing back seat on the driver's side of the golf car and Decedent, was seated on the passenger side of the rear facing back seat.

7. As Krieger drove down Enclave Court and approached Sonnenberg's home, she began making a left-hand turn into the driveway. As she did so, the arm rest/hip restraint on the rear facing back seat passenger side of the subject golf car failed and broke off, causing Decedent to be ejected from the subject golf car and onto the street. Decedent struck his head on the pavement causing him serious head injuries. He was immediately transported to the hospital but died on or about July 2, 2024 from his injuries.

8. Patino is the natural father of the Decedent and an heir of Decedent's estate. As such, he has standing to bring the wrongful death action under Tex. Civ. Prac. & Rem. Code §

71.004, and has standing to bring the survival action under Tex. Civ. Prac. & Rem. Code § 71.021. Patino's causes of action against Debtors would include:

- Strict Liability: Design Defect
- Strict Liability: Manufacturing Defect
- Strict Liability: Marketing Defect
- Negligence
- Breach of Implied Warranty of Fitness for a Particular Purpose
- Breach of Implied Warranty of Merchantability

9. Debtors' counsel has disclosed to counsel for Patino that Debtors are insured under insurance policies providing coverage for Patino's claims and has produced copies of the following policies: (a) Kinsale Insurance Company Policy: 0100168829-2 dated 11/07/23; issued to Trojan EV LLC; and (b) Kinsale Insurance Company Policy: 0100168805-2 dated 11/07/23.

### III.
### Argument and Relief Requested

10  Patino seeks relief from the automatic stay for cause to prosecute his post-petition claims against the Debtors up to the limits of applicable insurance coverage and to collect against the proceeds of applicable insurance, including any excess insurance coverage that has not been disclosed or may exist, or that may be disclosed or found to exist during litigation of the State Court Action arising out of the death of his son, Dustin Patino.. *See In re Edgeworth,* 993 F.2d 51, 53-54 (5th Cir. 1993) ("In the liability insurance context, of course, a tort plaintiff must first establish the liability of the debtor before the insurer becomes contractually obligated to make any payment."). <u>Relief is being requested on an emergency basis because Court's next calendar date for stay hearings in Houston Division Cases is November 4, 2024, which is *after* the October 29, 2024 date set for the confirmation hearing and the October 22, 2024 deadline for objecting to confirmation. Confirmation of the Plan prior to disposition of this motion could materially and adversely impact the relief being sought by Patino herein.</u>

Case 24-31910   Document 92   Filed in TXSB on 10/04/24   Page 5 of 8

11. Patino does not seek to prosecute the wrongful death and survival claims in order to collect on a judgment against the Debtors or the bankruptcy estates. Rather, Patino is informed that Debtors have liability insurance coverage that would cover his claims. Patino is informed that Debtors do not claim the liability insurance proceeds as an asset of Debtors of their bankruptcy estates, nor are there any facts supporting such a contention. *See Martinez v. OGA Charters, L.L.C. (In re OGA Charters, L.L.C.)*, 901 F.3d 599, 604 (5th Cir. 2018) ("We now make official what our cases have long contemplated: In the 'limited circumstances, as here, where a siege of tort claimants threaten the debtor's estate over and above the policy limits, we classify the proceeds as property of the estate."). The "limited circumstances" of a "siege of tort claimants" does not exist in this case.

12. Although section 362(d) of the Bankruptcy Code authorizes a court to lift an automatic stay for "cause," section 362(d) does not offer guidance as to what constitutes "cause," and the reviewing court must determine whether cause exists on a case-by-case basis. *See, e.g., In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998); *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017) (explaining that whether "cause" exists is a fact-intensive inquiry "committed to the discretion of the bankruptcy judge … that must be determined on a case-by case basis.").

13. In determining whether to grant relief from the automatic stay, bankruptcy courts will often consider the following three factors: (i) whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, (ii) whether any hardship to a non-debtor of continuation of the stay outweighs any hardship to debtor, and (iii) whether the creditor has a probability of prevailing on the merits of the case. *In re Samshi Homes, LLC*, No. 10-37643-H3-11, 2011 WL 3903054, at *3 (Bankr. S.D. Tex. Sept. 6, 2011).

5

14. Here, all of the factors favor lifting the stay, especially since Patino's claim arose post-petition and the automatic stay, by it terms, applies only to actions or proceedings "against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title" *See*, 11 USC § 362(a)(1). And for the reasons stated above, the limited circumstances where insurance proceeds could be property of the estate do not apply to the facts of this case. There is no prejudice or hardship to the Debtors and the hardship to Patino in being stayed from having a jury trial and seeking damages arising from his son's death are beyond measure. The alleged facts further demonstrate compellingly a probability that Patino's will prevail on the merits.

15. Patino requests that the stay of the Order granting the relief requested herein pursuant to Fed. R. Bankr. P. 4001(a)(3) be waived and the terms of the Order be effective immediately upon entry.

WHEREFORE, Juan Patino, Individually, on behalf of all those entitled to recover for the wrongful death of DUSTIN PATINO, deceased, and as an Heir of DUSTIN PATINO, deceased, requests that the automatic stay under Section 362 of the Bankruptcy Code be modified and lifted as follows:

(a) Patino may file suit against the Debtors and any other responsible parties in the District Court of Harris County, Texas or other State District Court of competent jurisdiction ("State Court Action") to prosecute to final judgment his alleged wrongful death and survival claims and causes of action arising from the injury and death of his son, Dustin Patino;.

(b) Patino is authorized to collect any judgment against, or settlement with, either or both of Debtors, solely from proceeds of any insurance policies providing coverage for Patino's claims

against Debtors from any insurer of the claim, including but not limited to: (a) Kinsale Insurance Company Policy: 0100168829-2 dated 11/07/23; issued to Trojan EV LLC; and (b) Kinsale Insurance Company Policy: 0100168805-2 dated 11/07/23, including any excess insurance coverage that has not been disclosed or may exist, or that may be disclosed or found to exist during litigation of the State Court Action arising out of the death of his son, Dustin Patino

(c)  Patino shall not take any action to collect, enforce or recover on account of any claims asserted or judgment entered in the State Court Action from any of the Debtors or their estates and shall be limited to recovering from all applicable insurance policy proceeds, if any, whether before or after confirmation of the Plan.

(d)  Patino requests that the stay of the Order granting the relief requested herein pursuant to Fed. R. Bankr. P. 4001(a)(3) be waived and the terms of the Order be effective immediately upon entry.

Dated this 4th day of October, 2024

Respectfully submitted,

By: */s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
State Bar No. 18456400
Federal Bar No. 87023
815 Walker, Suite 1502
Houston, TX  77002
Telephone: (713) 516-7450
Facsimile: (713) 659-8764
Email: barnetbjr@msn.com

**Attorney for JUAN PATINO, Individually, on behalf of all those entitled to recover for the wrongful death of DUSTIN PATINO, deceased, and as an Heir of DUSTIN PATINO, deceased**

**Certificate of Conference**

Undersigned counsel for Mr. Patino hereby certifies that numerous attempts have been made to confer with counsel for Debtors, Jason Kathman and Megan Clontz, regarding the relief sought herein, and the request for emergency hearing. Following the September 27, 2024 Disclosure Statement hearing, during which the undersigned described a stipulation that had been discussed with Debtors' counsel for the stay relief to be requested, the Court directed that a motion be filed and noticed to all creditors and parties in interest rather than a stipulation. Undersigned counsel emailed a draft of the proposed stay motion to Debtors' counsel on September 30, 2024 and requested comments and any edits and whether they were opposed or unopposed. A slightly revised version of the motion for relief from the automatic stay was emailed to Debtors' counsel on October 1, 2024. No response had been received by the morning of October 2, 2024, so telephone calls were made to Mr. Kathman and Ms. Clontz and voice messages were left with both requesting conference to discuss the motion and determine their position. A follow-up email was sent referencing the calls and again requesting Debtors' position on the stay motion. Ms. Clontz replied by email, explaining that she and Mr. Kathman had been tied up on other matters and would respond by October 3, 2024. Mr. Kathman called during the afternoon of October 3, 2024 and stated he had been unable yet to fully discuss the proposed motion with client management but would be able to do so on or before October 7, 2024. We discussed the need for an emergency hearing since the next stay hearing date on the Court's Houston Division calendar was on November 4, 2024, which is after the dates for objecting to the Plan and the October 29, 2024 date confirmation hearing. Mr. Kathman stated he was not opposed to an emergency hearing. Undersigned counsel and Debtors' counsel will continue to discuss resolution of any possible opposition to the motion.

*/s/Barnet B. Skelton, Jr.*

**Certificate of Service and Certificate of Compliance with BLR 4001-1**

A copy of this motion was served on the persons shown on Exhibit "1" at the addresses reflected on that exhibit on October 4, 2024 by prepaid United States first class mail. I hereby further certify that the foregoing instrument was filed electronically on October 4, 2024 on the Court's CM/ECF system. As such, this Motion was served on Debtor, Debtor's counsel, all parties requesting notice, and all counsel of record who are deemed to have consented to electronic service. Movant certifies that Movant has complied with Bankruptcy Local Rule 4001-1.

*/s/Barnet B. Skelton, Jr.*